This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant, Daniel L. Nixon, Sr., appeals from the judgment in the Lorain County Court of Common Pleas that denied his second petition for post-conviction relief. We affirm.
{¶ 2} On May 11, 1999, the Lorain County Grand Jury indicted Defendant on ten separate counts: (1) two counts of rape, in violation of R.C. 2907.02(A)(2); (2) two counts of kidnapping, in violation of R.C.2905.01(A)(3); (3) two counts of kidnapping, in violation of R.C.2905.01(A)(4); (4) felonious assault, in violation of R.C. 2903.11(A)(2); (5) aggravated menacing, in violation of R.C. 2903.21(A); (6) domestic violence, in violation of R.C. 2919.25(A); and (7) robbery, in violation of R.C. 2911.02(A)(2). The rape, kidnapping, and felonious assault charges each included a sexual motivation specification. Subsequently, a jury trial followed. The jury found Defendant guilty on all ten counts, and the trial court sentenced him accordingly. Defendant perfected a timely appeal with this court and, on April 25, 2001, this court affirmed in part, and reversed in part his conviction, and remanded the cause for proceedings consistent with the opinion. State v. Nixon (Apr. 25, 2001), 9th Dist. Nos. 00CA007638 and 00CA007624, at 39. Defendant also moved to "vacate or set aside judgement [sic.] of conviction or sentence pursuant to [R.C.] 2953.21[.]" On August 28, 2002, he then filed a second petition for post-conviction relief, which the trial court denied. It is from the trial court's denial of his second petition for post-conviction relief that Defendant appeals and raises two assignments of error for review. We will address Defendant's assignments of error collectively as they concern similar issues of law and fact.
 ASSIGNMENT OF ERROR I
{¶ 3} "[Defendant] has been denied due process of law due to the trial court failing to issue findings of fact and conclusions of law when the trial court denied [Defendant's] petition for post conviction relief in violation of the Fourteenth Amendment of the [United States] Constitution and contrary to current Ohio law."
 ASSIGNMENT OF ERROR II
{¶ 4} "The State court's delay in properly deciding [Defendant's] petition for post conviction relief has prevented [Defendant] from presenting his claims to the federal courts, and the trial court's refusal to remove the state created impediment is contrary to clearly established federal law."
{¶ 5} In these assignments of error, Defendant contends that the trial court erred by failing to issue findings of fact and conclusions of law when it dismissed his second petition for post-conviction relief.[1]
Furthermore, Defendant contends that this error violated his due process rights, as contained in the Fourteenth Amendment of the United States Constitution, and denied him access to seek relief in the federal courts. Defendant's contentions lack merit.
{¶ 6} An appellate court reviews a trial court's decision not to issue findings of fact and conclusions of law under an abuse of discretion standard. State v. Butler (June 28, 1996), 2nd Dist. No. 95 CA 68 (holding "that whether to file findings of fact and conclusions of law in dismissing second or successive petitions for post-conviction relief is commended to trial court's sound discretion"). An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v.Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
{¶ 7} R.C. 2953.21 sets forth the statutory framework governing post-conviction relief. Specifically, this statute provides defendants with a mechanism to petition the trial court for an evidentiary hearing and request relief on the basis that their convictions are void or voidable on state or federal constitutional grounds. R.C. 2953.21. Generally when a trial court denies a petition for post-conviction relief without a hearing, it is required to issue findings of fact and conclusions of law, in accordance with R.C. 2953.21(G).
{¶ 8} Although defendants may petition for post-conviction relief, they are still required to abide by certain time requirements for filing such a petition, as outlined in R.C. 2953.21(A)(2). R.C.2953.21(A)(2) provides:
 "A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal." (Emphasis added.)
{¶ 9} The record reveals that Defendant's trial transcript was filed on August 7, 2000. As such, for Defendant's petition to be deemed timely filed, it must have been filed no later than one hundred eighty days after August 7, 2000. Defendant filed his second petition for post-conviction relief on August 28, 2002, well beyond the statutory time period.
{¶ 10} As Defendant filed his petition outside the prescribed time limitations, the trial court lacked jurisdiction absent Defendant demonstrating he met the requirements of R.C. 2953.23(A). See State v.Hurst (Jan. 10, 2000), 5th Dist. No. 1999CA00171. See, also, State v.Mullen, 4th Dist. No. 00CA24, 2001-Ohio-2566; State v. Harris (Feb. 9, 2001), 2nd Dist. No. 18525; State v. Smith (Feb. 17, 2000), 8th Dist. No. 75793. The trial court may consider a second or successive petition for post-conviction relief after the deadline if the defendant demonstrates:
"(1) Either of the following ***:
 "(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 "(b) Subsequent to the period prescribed in [R.C. 2953.21(A)(2)] or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
[and]
 "(2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted[.]" R.C. 2953.23(A).
{¶ 11} In the present case, Defendant has failed to argue, much less demonstrate, the jurisdictional requirements outlined in R.C.2953.23(A). Specifically, Defendant has not asserted that he "was unavoidably prevented from discover[ing] the facts" upon which he must rely to present his claim for relief. Moreover, Defendant does not argue that his petition is based upon a new federal or state right that has been recognized by the United States Supreme Court. As the trial court lacked jurisdiction to consider Defendant's petition, it was not required to make findings of fact and conclusions of law in accordance with R.C.2953.21(G). State v. Childs (Feb. 16, 2000), 9th Dist. No. 19757, at 4, quoting State v. Lacking (Apr. 23, 1999), 2nd Dist. No. 17360. Consequently, we hold that the trial court did not abuse its discretion in failing to issue findings of fact and conclusions of law. As we conclude that the trial court's failure to issue findings of fact and conclusions of law did not constitute an error, we cannot find that the trial court violated Defendant's right to due process, as contained in the Fourteenth Amendment of the United States Constitution, or denied him access to seek relief in the federal courts. Accordingly, Defendant's first and second assignments of error are overruled.
{¶ 12} Defendant's first and second assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
WHITMORE, J. and BATCHELDER, J. CONCUR
[1] Although we are cognizant that Defendant filed a petition for post-conviction relief on January 12, 2001, which may have been timely filed, this petition is not the subject of Defendant's appeal. Rather, Defendant has solely assigned errors relating to the denial of his second petition for post-conviction relief. Therefore, our review is limited to Defendant's second petition for post-conviction relief.